UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY MURO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>FRESNO COUNTY SHERIFF DEPUTY JEFFREY SIMPSON, et al.,<br><br>    Defendants. | 1:03-CV-6619-OWW-SMS<br><br>ORDER **VACATING HEARING SET FOR MARCH 3, 2006 AND TAKING OFF CALENDAR WITHOUT PREJUDICE, PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DEFENDANTS' PERSONNEL AND INTERNAL AFFAIRS RECORDS (DOC. 41)** |

    Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

    On January 31, 2006, Plaintiffs filed a motion to compel production of Defendants' personnel and internal affairs records. On February 28, 2006, Defendants Fresno County and Fresno County Sheriff's Deputy Jeffrey Simpson filed objections and sought the Court to drop the hearing from the Court's calendar because no Joint Statement re: Discovery Disagreements or affidavit as required by Local Rule 37-251 had been filed, or, in the alternative, deny the motion without hearing for failure to meet and confer under Fed. R. Civ. P. 37(a)(2)(B). On March 1, 2006, Defendants City of Fresno, Officer Ray Villavazo, and Officer Rodney Cancio joined in Defendants' objections.

1

1   The notice of motion (at 2) and the declaration of Michael
2   G. Woods demonstrates that Defendants responded to the pertinent
3   discovery requests, raising numerous objections; however,
4   Plaintiffs neither contacted Defendants to discuss informal
5   resolution of the discovery dispute nor prepared a joint
6   statement regarding the discovery disagreement.
7   Local Rule 37-251(a) and (e) provides that except where
8   there has been a complete and total failure to respond to a
9   discovery request or order, or when the only relief sought by the
10  motion is the imposition of sanctions, a hearing of a motion
11  pursuant to Fed. R. Civ. P. 26 through 37, including any motion
12  to exceed discovery limitations or motion for protective order,
13  may be had by the filing of a notice of motion and motion
14  scheduling the hearing date on the appropriate calendar at least
15  twenty-one (21) days from the date of filing. However, the
16  hearing may be dropped from calendar without prejudice if
17  thereafter the joint statement re discovery disputes or an
18  affidavit as set forth in Rule 37-251(c) is not filed on or
19  before three (3) court days prior to the scheduled hearing date.
20  Here, no joint statement has been filed.
21  Accordingly, it IS ORDERED that the hearing set for March 3,
22  2006, on Plaintiffs' motion to compel production of personnel and
23  internal affairs records IS VACATED, and the motion IS TAKEN OFF
24  CALENDAR without prejudice.

IT IS SO ORDERED.

**Dated:   March 1, 2006**           /s/ Sandra M. Snyder
icido3                               UNITED STATES MAGISTRATE JUDGE