UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODNEY MURO, et al., | ) | 1:03-CV-6619-OWW-SMS |
| | ) | |
| Plaintiffs, | ) | ORDER **VACATING HEARING** ON |
| | ) | PLAINTIFFS' MOTION TO COMPEL |
| v. | ) | PRODUCTION OF DEFENDANTS' |
| | ) | PERSONNEL AND INTERNAL AFFAIRS |
| FRESNO COUNTY SHERIFF DEPUTY | ) | RECORDS (DOC. 55) AND TAKING |
| JEFFREY SIMPSON, et al., | ) | MOTION OFF CALENDAR WITHOUT |
| | ) | PREJUDICE |
| Defendants. | ) | **Vacated hearing date:** |
| | ) | **April 27, 2006** |

INFORMATIONAL ORDER TO
PLAINTIFFS AND COUNSEL REGARDING
SANCTIONS FOLLOWING COURT'S
VACATING HEARING ON PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF
DEFENDANTS' PERSONNEL AND
INTERNAL AFFAIRS DOCUMENTS

   Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

   On January 31, 2006, Plaintiffs filed a motion to compel production of Defendants' personnel and internal affairs records. The motion was taken off calendar without prejudice by the Court's order dated March 1, 2006, because Plaintiffs had failed

1

1 to meet and confer and to secure a stipulation regarding the
2 discovery dispute as required by Local Rule 37-251. Plaintiffs in
3 that instance neither contacted Defendants to discuss informal
4 resolution of the discovery dispute nor prepared a joint
5 statement regarding the discovery disagreement.
6     Plaintiffs refiled the motion a few days later.
7     Motions to compel disclosures or responses to discovery must
8 include a certification that the movant has in good faith
9 conferred or attempted to confer with the person or
10 party failing to make the discovery in an effort to secure the
11 information or material without court action. Fed. R. Civ. P.
12 37(a)(2)(A),(B).
13     Local Rule 37-251(a) and (e) provides that except where
14 there has been a complete and total failure to respond to a
15 discovery request or order, or when the only relief sought by the
16 motion is the imposition of sanctions, a hearing of a motion
17 pursuant to Fed. R. Civ. P. 26 through 37, including any motion
18 to exceed discovery limitations or motion for protective order,
19 may be had by the filing of a notice of motion and motion
20 scheduling the hearing date on the appropriate calendar at least
21 twenty-one (21) days from the date of filing. However, the
22 hearing may be dropped from calendar without prejudice if
23 thereafter the joint statement re discovery disputes or an
24 affidavit as set forth in Rule 37-251(c) is not filed on or
25 before three (3) court days prior to the scheduled hearing date.
26 Rule 37-251(d) provides that if counsel for the moving party is
27 unable, after a good faith effort, to secure the cooperation of
28 counsel for the opposing party in arranging the required

2

1 conference, or in preparing and executing the required joint
2 statement, counsel for the moving party may file and serve an
3 affidavit so stating and containing other information directed to
4 be included by the rule.

5   When PlaintiffS refiled the motion, Plaintiffs again
6 proceeded without a stipulation or an affidavit regarding a lack
7 of cooperation.

8   Because Plaintiffs have again failed to comply with Local
9 Rule 37-251, the hearing on the motion to compel IS VACATED, and
10 the motion IS TAKEN OFF CALENDAR WITHOUT PREJUDICE subject to
11 being renoticed and refiled in a manner that complies with the
12 pertinent rules of court and local rules.

13   Further, Plaintiffs and their counsel ARE SPECIFICALLY
14 DIRECTED not to refile the motion without complying with the
15 requirements of Local Rule 37-251 for meeting and conferring and
16 filing a stipulation or affidavit thereafter.

17   At this juncture, no request for sanctions is before the
18 Court. However, Plaintiffs and Plaintiffs' counsel ARE INFORMED
19 that Local Rule 11-110 provides that a failure of counsel or of a
20 party to comply with the Local Rules or with any order of the
21 Court may be grounds of imposition by the Court of any and all
22 sanctions authorized by statute, rule, or within the inherent
23 power of the Court. A court may impose monetary sanctions,
24 payable to the Court, in the nature of a fine pursuant to the
25 Court's inherent powers where the Court finds that the offending
26 conduct was undertaken in bad faith. <u>Zambrano v. City of Tustin</u>,
27 885 F.2d 1473, 1478 (9th Cir. 1989). Monetary sanctions may be
28 imposed for violation of a local rule upon a finding of conduct

1  amounting to recklessness, gross negligence, or repeated
2  unintentional flouting of court rules. <u>Id.</u> at 1480. Sanctions
3  should not be imposed without giving counsel notice and an
4  opportunity to be heard. <u>Miranda v. Southern Pacific Transp. Co.</u>,
5  710 F.2d 516, 522-23 (9th Cir. 1983).

6  Further, 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

For action to be considered unreasonable and vexatious, it must involve bad faith, improper motive, or reckless disregard of the duty owed to the Court. <u>Edwards v. General Motors Corp.</u>, 153 F.3d 242, 246 (5th Cir. 1998); <u>New Alaska Development Corp. v. Guetschow</u>, 869 F.2d 1298, 1306 (9th Cir. 1989). The imposition of sanctions under § 1927 requires a finding of bad faith; an attorney's bad faith is assessed under a subjective standard, pursuant to which either knowing or reckless conduct is sufficient. <u>Pacific Harbor Capital, Inc. v. Carnival Air Lines</u>, 210 F.3d 1112, 1118 (9th Cir. 2000). An attorney subject to sanctions pursuant to § 1927 is entitled to notice and an opportunity to be heard by way of briefing, but no oral or evidentiary hearing is required. <u>Pacific Harbor Capital, Inc. v. Carnival Air Lines</u>, 210 F.3d at 1118.

Plaintiffs and their counsel ARE SPECIFICALLY INFORMED that in view of Plaintiffs' repeated failures to comply with the rules of court with respect to filing a joint stipulation regarding a discovery dispute, the Court could be warranted in finding that

4

any similar failure to comply in the future reflects bad faith on the part of counsel or Plaintiffs. Further, should Plaintiffs again fail to comply with the pertinent rules, the Court will <u>sua sponte</u> consider imposing sanctions on Plaintiffs and/or Plaintiffs' counsel.

IT IS SO ORDERED.

**Dated:    April 26, 2006                         /s/ Sandra M. Snyder            **
icido3                            UNITED STATES MAGISTRATE JUDGE