

FILED

SEP   7 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY MURO; PANFILO MICHAEL ZAMORA,<br><br>Plaintiffs,<br><br>vs.<br><br>FRESNO COUNTY SHERIFF DEPUTY JEFFREY SIMPSON; FRESNO POLICE OFFICER R. CANCIO; FRESNO POLICE OFFICER R. VILLALVAZO; CALIFORNIA HIGHWAY PATROL OFFICER T. GATES; CALIFORNIA HIGHWAY PATROL OFFICER J. WATSON; CITY OF FRESNO; COUNTY OF FRESNO; and UNKNOWN LAW ENFORCEMENT OFFICERS ,<br><br>Defendants. | No. CV-F-03-6619 OWW SMS<br><br>ORDER RE:<br>PLAINTIFFS' MOTIONS IN LIMINE |

On September 1, 2006, this matter came before the Court on the hearing of the motions in limine submitted by the plaintiffs in this action, Rodney Muro and Panfilo Michael Zamora. Kevin G. Little and Rabeha Kamaluddin, law clerk, appeared on behalf of the plaintiffs. Michael G. Woods appeared on behalf of defendants Fresno County Sheriff Deputy Jeffrey Simpson and the County of Fresno.  Rosemary T. McGuire appeared on behalf of defendants Fresno Police Officer Rodney Cancio, Fresno Police Officer Rafael Villalvazo, and the City of Fresno.  Jill Buttram Scally and James C. Phillips appeared on behalf of defendants California

1  Highway Patrol Officer Thomas Gates and California Highway Patrol Officer James Watson.

2  Upon consideration of the pleadings of the parties and their arguments at the hearing,

3  the Court hereby rules as follows on the plaintiffs' various in limine motions:

4  1.    Plaintiffs' first motion in limine is GRANTED IN PART AND DENIED IN PART.

5  As to the witnesses the plaintiffs sought to exclude, they withdrew said motion as to Fresno

6  Police Officer Oliver Baines, so he may testify at trial.   The two other Fresno Police

7  Department witnesses, Greg Coleman and Patrick Rhames, will have to be made available

8  for depositions prior to being called as trial witnesses in the Monell phase of this trial, which

9  the Court ordered would be held, if necessary, after the portion of the trial pertaining to

10 individual liability but before the portion of the trial pertaining to the amount of punitive

11 damages.  With respect to the documents plaintiffs sought to exclude, the one page report

12 from the Fresno Police Department, No. 02-13702, the related DMV printout, and the warrant

13 summary re: Javier Ortega appear to have been provided during discovery and may be used

14 for any permissible purpose at trial. The Fresno Sheriff's Department premise history re: 4633

15 E. Michigan and the name search printout re: Javier Ortega may be used for identification

16 purposes only.  The KSEE 24 news video may be used at trial for any admissible purpose,

17 subject to an appropriate foundation first being laid outside of the presence of the jury. Finally,

18 the CHP use of force policy may not be introduced or otherwise used at trial.

19 2.    Plaintiffs' second motion in limine is GRANTED.

20 3.    Plaintiffs' third motion in limine is GRANTED IN PART AND DENIED IN PART.
   Subject to Plaintiffs' opening the door.

21 The defendants may not introduce evidence of plaintiffs' prior criminal or juvenile criminal

22 records, plaintiff Rodney Muro's prior gang related activities, plaintiffs' prior alleged

23 involvement in unrelated physical confrontations, or plaintiffs' prior alleged use of illegal drugs

24 or abuse of alcohol  as evidence of bad character. However, the defendants will be able to

25 introduce evidence of plaintiff Rodney Muro's limited prior experience as an amateur boxer,

26 and the involvement of plaintiff's son, Danny Muro, in gang activities insofar as those matters

27 are relevant to non-character issues before the jury.

28

1    4.    Plaintiffs' fourth motion in limine is GRANTED, *unless Plaintiffs open* *run*
2    *the door.* 5.    Plaintiffs' fifth motion in limine is GRANTED and will applied to both sides
3    equally.

4    6.    Plaintiffs' sixth motion in limine is GRANTED and will applied to both sides
5    equally.

6    7.    Plaintiffs' seventh motion is GRANTED.

7    8.    Plaintiffs' eighth motion is DENIED. Evidence of bias, as well as the absence of
8    bias, is admissible and may be proved by extrinsic evidence.

9    9.    Plaintiffs' ninth motion in limine is GRANTED and will be applied to both sides
10   equally.

11   10.    Plaintiffs' tenth motion in limine is ~~SUBMITTED~~ *DENIED* pending the Court's resolution
12   of the related issue of the admissibility of the replica to be submitted by plaintiffs for use at trial
13   as a demonstrative aid.  The defendants will have an opportunity to review this replica and
14   make additional arguments as to its permissible use prior to trial.   *oww*

15   11.    Plaintiffs' eleventh motion in limine is ~~SUBMITTED~~ *RESERVED.*  The defendants will have
16   an opportunity to review this replica and make additional arguments as to its permissible use
17   prior to trial.

18   12.    Plaintiffs' twelfth motion in limine is SUBMITTED. The parties will file additional
19   briefing in support of their respective positions on the admissibility of plaintiffs' no contest
20   please by noon on Tuesday, September 5, 2006.  This issue will be addressed once again
21   before trial.

22   13.    Plaintiffs' thirteenth motion in limine is GRANTED IN PART AND DENIED IN
23   PART.   CHP Sgt. Janice Campbell may not testify as an expert witness but may testify as a
24   percipient witnesses based on her having trained defendant James Watson in the use of force
25   Sgt. Campbell's testimony at trial will be limited to that discrete issue.

26   14.    Plaintiffs' fourteenth motion in limine is GRANTED IN PART AND DENIED IN
27   PART.  While the Court will not place any presumptive time limits on the parties' voir dire, the

28

1  Court anticipates that jury selection will proceed without unnecessary delay and will be
2  completed within the time it typically takes to pick a jury in this Court.

3          15.   Plaintiffs' fifteenth motion in limine is DENIED. Unless the plaintiffs can produce
4  to the Court discovery requests that would have required the defense to produce patrol
5  terminal transmission records, i.e., the "real time" or electronic mail communications between
6  patrol units pertaining to the November 20, 2002 incident as supplemental discovery pursuant
7  to FRCP 26(e), the Court finds those items were not requested as discovery. Further, this
8  motion was withdrawn by the plaintiffs as to defendants Watson's and Gates' responses to
9  plaintiffs' Third Request for Production of Documents, etc., the complete set of documents
10 corresponding to CHP Report No. M197-412-02, including all supplements and attachments,
11 all documents corresponding to Fresno Police Department Report No. 02-13702, including all
12 supplements and attachments, a complete copy of the Critical Incident Report assessing the
13 use of force in relation to this incident, the complete file of the Fresno County District
14 Attorney's Office regarding the plaintiffs' prosecution, and an August 12, 2002 letter to or from
15 Deputy District Attorney G. Anderson re: not extraditing Javier Ortega. Finally, since the
16 defendants inform the Court that there are no other documents responsive to plaintiffs'
17 requests for the MAGEC tactical worksheet pertaining to the November 20, 2002 incident, the
18 MAGEC operational outline pertaining to the November 20, 2002 incident, the MAGEC daily
19 and weekly activity sheets pertaining to the November 20, 2002 incident, any other MAGEC
20 files pertaining to this incident, and all records corresponding to the service or attempted
21 service of warrant number F019147620, F019147620AA, or F019147620AB, plaintiffs' motion
22 is DENIED AS MOOT in those respects.

23          IT IS SO ORDERED.

24  Dated: September _5_, 2006

                                        Oliver W. Wanger
25                                      United States District Judge

26

27

28
                                        -4-